**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1317

UNITED STATES,

Appellee,

v.

JOSE ALTAGRACIA CASTILLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

<u>Saul Roman Santiago</u> on brief for appellant.
<u>H.S. Garcia</u>, United States Attorney, and <u>Nelson Perez-Sosa</u>,
Assistant U.S. Attorney, on brief for appellee

August 4, 2005

**Per Curiam**. Jose Altagracia Castillo appeals from his sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846.[1] The district court enhanced his sentence pursuant to U.S.S.G. § 3B1.1(c), based upon a finding that his role in the offense was that of an "organizer." On appeal, Castillo argues for the first time that the facts on the record do not support that enhancement. We agree and remand for resentencing.

The only facts contained in the district court record concerning Castillo's role in the offense are those contained in the "Stipulation of Facts" incorporated in the plea agreement:

   1.   Beginning not later than September 1999, JOSE CASTILLO entered into an agreement with CRISTOBAL GARCIA, and numerous others, to acquire and distribute cocaine.

   2.   In furtherance of the conspiracy, JOSE CASTILLO helped arrange for transportation and distribution of multiple kilograms of cocaine in the northeastern United States.

Based on those facts, the presentence report calculated that "a two-level enhancement is warranted for being an organizer pursuant to U.S.S.G. § 3B1.1(c)." The district court followed that reasoning verbatim in applying a two-level enhancement, resulting

---

[1] Castillo was sentenced in January 2003, before the U.S. Supreme Court issued its decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). He does not assert a claim under either Blakely or Booker.

in a total offense level of 37 which, together with a Criminal History Category of I, yielded a guideline sentencing range of 210 to 262 months' imprisonment.[2]  The court imposed a prison sentence of 210 months, explaining that "[a]fter considering the defendant's personal history and prior criminal record, a sentence at the lower end of the guideline range will be imposed."

Castillo concedes that he did not object in district court to the two-level enhancement and that plain error review applies. Therefore, appellant has the burden of demonstrating that there was "an 'error' that is 'plain' and that 'affect[s] substantial rights.'" United States v. Olano, 507 U.S. 725, 732 (1993).  "If those three factors are all met, the court of appeals then has discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' Id. at 736." United States v. Antonakopoulos, 399 F.3d 68, 77 (1st Cir. 2005).

The district court imposed a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) which mandates such enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)[providing for greater enhancements if five or more participants were involved in

_____

[2] As the government confirmed at the sentencing hearing, the plea agreement contemplated that Castillo would receive a two-level reduction in his base offense level for his minor role in the offense. See U.S.S.G. § 1B1.2(b).

-3-

criminal activity]."  §3B1.1(c).  A two-level increase under §

3B1.1(c) is justified only if the government proves that

> "(1) the criminal enterprise involved at least two complicit participants (of whom the defendant may be counted as one), and (2) the defendant, in committing the offense, exercised control over, organized, or was otherwise responsible for superintending the activities of at least one of those other persons."

Garcia-Morales, 382 F.3d at 19 (quoting United States v. Cruz, 120

F.3d 1, 3 (1st Cir. 1997 (en banc)); see also United States v.

Frankhauser, 80 F.3d 641, 654 (1st Cir. 1996); §3B1.1, comment.

(n.2) ("[t]o qualify for an adjustment under this section, the

defendant must have been **the organizer**, leader, manager, or

supervisor **of one or more other participants**" (emphasis added)).

In imposing the two-level enhancement applied in the PSR, the

district court repeated verbatim the PSR's explanation as follows:

> Since defendant helped to arrange for transportation and distribution of multi kilograms of cocaine to the northeastern part of the United States and had an agreement with Mr. Cristobal Garcia to acquire and distribute cocaine, a two level enhancement is applied for being an organizer under Guideline Section 3B1.1(c).

"In many circumstances, the basis for a role-in-the-offense

enhancement will be apparent from the record.  When this is not so,

however, the sentencing court, in order to apply such an

enhancement, must make a specific finding which identifies those

being managed 'with enough particularity to give credence to the

upward adjustment.'" United States v. Medina, 167 F.3d 77, 80 (1st

Cir. 1999).  The record in this case does not contain an apparent

basis for the role-in-offense enhancement. The record establishes only that Castillo "helped arrange for transportation and distribution" of large quantities of cocaine. It is not apparent from that description that Castillo organized the activity of at least one other participant.

At the time of Castillo's guilty plea, after hearing Castillo accept the stipulation of facts quoted above, the district court stated that the plea agreement contemplated that Castillo would receive a two-level downward adjustment because of his minor role in the offense. The sentencing judge stated that he would "determine, after the probation officer reports, whether you will actually get that minus two level reduction." However, after the PSR was filed, the district court imposed a two-level **enhancement** based upon the same factual information contained in the stipulation of facts which was incorporated in the plea agreement.

Under these circumstances, it was plain error for the district court to enhance Castillo's sentence pursuant to § 3B1.1(c) absent any finding, or any basis in the record for finding, that Castillo had organized the activities of at least one other participant. Castillo has demonstrated that the error affects his substantial rights. Absent the two-level enhancement, the adjusted offense level would have been 35, yielding a guideline sentencing range of 168-210 months. Given the court's express inclination to sentence Castillo at the bottom of the applicable

range, there is a reasonable probability that Castillo might well have received a sentence of less than 210 months.

Resentencing is appropriate here because there is no factual support in this sparse record for a finding that Castillo organized the activities of another participant.  See United States v. Gonzalez-Mercado, 402 F.3d 294, 302 n. 6 (1st Cir. 2005)(applying plain error review and stating that "[h]ad the district court erred in making factual findings underlying . . . upward adjustment and, as a result, misapplied guideline enhancements in a way that increased the appellant's sentence, such errors would require resentencing even under our pre-Booker precedents".

Castillo also complains that the district court refused to allow him in the middle of sentencing to offer an amended plea agreement even though the government did not object.  The district judge's reaction was understandable and given the delay in making the motion and the fact that sentencing was underway, we would be unlikely to regard this refusal as an abuse of discretion, but we need not decide the matter.  Since resentencing will be necessary in any event, the district court on remand may well be inclined to allow the parties to propose an amended plea agreement.

Castillo's sentence is vacated and the action is remanded for resentencing.